RICHARD C. EYMANN
Eymann Allison Jones P.S.
2208 West Second Avenue
Spokane, WA 99201-5417
(509) 747-0101
(509) 458-5977 – facsimile
eymann@eahjlaw.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TOWNSEND RANCH LLC, a Washington limited liability corporation; ESTATE OF DAVID TOWNSEND; EDWARD TOWNSEND; DANIEL TOWNSEND; WILLIAM TOWNSEND; NATHAN TOWNSEND; MALCOLM and KELLY TOWNSEND, husband and wife; TOWNSEND BROTHERS LLC, a Washington limited liability corporation; and T3 RANCH LLC, a Washington limited liability corporation,<br><br>       Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA, acting by and through the DEPARTMENT OF INTERIOR and BUREAU OF INDIAN AFFAIRS,<br><br>       Defendant. | No.<br><br>**COMPLAINT FOR DAMAGES** |

  Plaintiffs, by and through their undersigned attorneys, for their claims against Defendant, state and allege as follows:

COMPLAINT FOR DAMAGES - 1

## I.   INTRODUCTION

1.1   In the early morning hours of September 7, 2020, a fire started at the old Omak Mill site in Okanogan County, Washington, eventually erupting into a catastrophic wildfire. The old Omak Mill site contained one or more burn piles of forest and timber scrap (a.k.a. "slash") which had been long smoldering (hereinafter "smoldering slash pile") that flared up, resulting in the wildfire.

## II.   PARTIES AND NON-PARTIES

2.1   At all times material hereto, Plaintiff Townsend Ranch LLC was a corporation organized and existing under the laws of the state of Washington, with is principal place of business in Washington.

2.2   After the fire which is the subject of this lawsuit but prior to this litigation, David Townsend, father of the other named plaintiffs, passed away. Edward Townsend has been appointed as the Personal Representative of the Estate of David Townsend in a probate action filed in the Okanogan County Superior Court. At the time of the fire, David Townsend was a resident of and had an interest in real and personal property located in Okanogan County, Washington.

2.3   At all times material hereto, Plaintiff Edward Townsend was a resident of and had an interest in real and personal property located in Okanogan County, Washington.

2.4     At all times material hereto, Plaintiff Daniel Townsend was a resident of Ferry County, Washington, and had an interest in real and personal property located in Okanogan County, Washington.

2.5     At all times material hereto, Plaintiff William Townsend was a resident of and had an interest in real and personal property located in Okanogan County, Washington.

2.6     At all times material hereto, Plaintiff Nathan Townsend was a resident of and had an interest in real and personal property located in Okanogan County, Washington.

2.7     At all times material hereto, Plaintiffs Malcolm Townsend and Kelly Townsend, husband and wife, were residents of and had an interest in real and personal property located in Okanogan County, Washington.

2.8     At all times material hereto, Plaintiff Townsend Brothers LLC was a corporation organized and existing under the laws of the state of Washington, with is principal place of business in Washington.

2.9     At all times material hereto, Plaintiff T3 Ranch LLC was a corporation organized and existing under the laws of the state of Washington, with is principal place of business in Washington.

EYMANN ALLISON JONES P.S.
2208 West Second Avenue
Spokane, WA  99201-5417
509-747-0101 / 509-458-5977 fax

2.10  Plaintiffs will be referenced hereafter collectively as "Townsend Plaintiffs."

2.11  At all times material hereto, Defendant United States of America, acting by and through the Bureau of Indian Affairs (hereafter "BIA") in the Department of the Interior, is a sovereign entity hereby sued pursuant to 28 U.S.C. § 2674 for damages.

2.12  The Confederated Tribes of the Colville Reservation, a non-party, is a federally recognized Indian tribe with the Colville Business Council as its governing body.  The Confederated Tribes occupy the Colville Reservation in Eastern Washington.

2.13  The Confederated Tribes have self-determination contracts with the BIA pursuant to the Indian Self-Determination and Education Assistance Act ("ISDEAA"), as amended, 25 U.S.C. § 5321(a)(2) (a.k.a "638 contracts"[1]) regarding fire protection services and forestry services.

2.14  The Colville Tribal Federal Corporation (CTFC) is a tribal corporation headquartered in Omak, Washington and with its principle place of business in Washington.  Upon information and belief, CTFC operates as an arm

---

[1] A Reference to the Public Law Number of the ISDEAA, Pub. L. No. 93-638.

of the Confederated Tribes that manages the Tribes' gaming and wood products enterprises and provides revenue for the Tribes.[2]

2.15   Upon information and belief, CTFC is and at all times relevant to this Complaint was the owner of the property housing the old Omak Mill.

2.16   Upon information and belief, the fire started and/or spread as a result of the negligent and wrongful acts or omissions of one or more employees of the Confederated Tribes and/or CTFC, acting within the scope of their employment while carrying out the 638 contracts.

2.17   These claims are brought against the Defendant pursuant to 25 U.S.C. § 5321 (note)[3], which provides, as relevant,

> With respect to claims resulting from the performance of functions . . . under a [638] contract, . . . an Indian tribe, tribal organization or Indian contractor is deemed . . . to be part of the [BIA] . . . while carrying out any such contract or agreement and its employees are deemed employees of the Bureau . . . while acting within the scope of their employment while carrying out the contract or agreement.

---

[2] https://www.colvilletribes.com/contact-ctfc.

[3] Acts of Nov. 5, 1990, Pub. L. No. 101-512, § 314, 104 Stat. 1959; Nov. 11, 1993, Pub. L. No. 103-138, § 308, 107 Stat. 1416.

### III. JURISDICTION AND VENUE

3.1  This Court has subject matter jurisdiction over this action. This is an action arising under the Federal Tort Claims Act, which waives Defendant's sovereign immunity and provides this Court with exclusive jurisdiction in this matter. 28 U.S.C. § 1346(b).

3.2  Pursuant to 28 U.S.C. § 2401(b), prior to the commencement of this action, Plaintiffs presented an administrative claim for damages to the Department of the Interior and Bureau of Indian Affairs relating to the events and circumstances complained of herein. Said claim was timely presented on or about August 23, 2022. The Department of the Interior and BIA denied Plaintiffs' claims on February 23, 2023.

3.3  Venue is proper in the Eastern District of Washington pursuant to 28 U.S.C. § 1402(b) because all Plaintiffs reside in this District and the events giving rise to the claims occurred in Okanogan County, Washington, in this District.

### IV. STATEMENT OF FACTS

4.1  Plaintiffs hereby reallege and incorporate each and every allegation as set forth in paragraphs 1.1–3.3 herein.

4.2    Townsend Plaintiffs own and lease certain real property in Okanogan County upon which they graze cattle and grow, among other crops, range land (hereafter the "Townsend Property").

4.3    The Townsend Property consists of approximately 8,269.25 acres affected by fire, containing numerous improvements, including but not limited to a house, outbuildings, fences, gates, sagebrush, crops, and many trees.

4.4    Upon information and belief, on or about September 7, 2020, the risk of wildland fires was significant in Okanogan County.

4.5    Upon information and belief, on or about September 7, 2020, moderate to significant winds were predicted in Okanogan County.

4.6    Upon information and belief, employees of the Confederated Tribes and/or CTFC (hereinafter "tribal employees") and/or BIA employees failed to safely inspect, maintain, and monitor the smoldering slash pile on the old Omak Mill property.

4.7    Despite actual knowledge of repeated safety concerns with this chronically smoldering condition, and occasional small fire flare ups necessitating extinguishment by nearby fire departments, CTFC tortiously failed to maintain the site, allowing this condition to perpetuate.

4.8     As a direct result, in the early morning hours of September 7, 2020, predicted high NE winds carried burning embers from the long smoldering slash piles at the old Omak Mill to nearby dry grass fuels which erupted into a catastrophic wildfire.



Sept. 7, 2020 at 7:41 am



Sept. 7 2020 at 9:20 am            Sept. 7, 2020 at 9:42

4.9     The resulting fire swept southward, destroying thousands of acres of land and buildings, including land, equipment, and livestock owned by Claimants,

COMPLAINT FOR DAMAGES - 8

before allegedly merging with the Cold Springs Fire that was already burning in Washington state. A near 180-degree reversal of the wind direction on the following day led to the same fire destroying the Omak Mill.

4.10 The fire destroyed real and personal/corporate properties, including timber, grazing, and farmland for numerous parcels of land owned and/or operated by the Townsend Plaintiffs.



Townsend Ranch engulfed in flame

4.11 Under Washington statutory and common law, CTFC and its agents/employees breached their duty to maintain the land (including the slash pile) in a condition reasonably safe to the public (i.e., not likely to start wildfires).

4.12 Upon information and belief, before September 7, 2020, the United States through the Department of Interior and BIA had entered into 638 contracts with the Confederated Tribes of the Colville Reservation for Fire Protection

COMPLAINT FOR DAMAGES - 9

Services (Contract A20AV00075) and for Cooperative Forest Management (Contract A20AV00089) of Colville tribal lands, including the old Omak Mill site. The term of these contracts commenced on October 1, 2019 and ended on September 30, 2022.

4.13   Contract A20AV00075 provided funding to the Confederated Tribes for purposes of "providing essential firefighting and fire protection services" on tribal lands.

4.14   Contract A20AV00089 provided funding to the Confederated Tribes for purposes of administering a Cooperative Forestry Program in accordance with Colville laws. This contract includes specific plans relating to Forestry, Forest Administration (including oversight of a Cooperative Fire Management Program), Forest Management Planning, Timber Sale Administration, Forest Development, Forest Protection (including to "[m]onitor and provide corrective action to forest stands impacted by wildfire . . . Actions may include prevention, suppression or rehabilitation as need to address concerns/issues."), and Woodlands Management.

4.15   Upon information and belief, the old Omak Mill property had been used to deposit slash from the Confederation Tribes'/CTFC's forestry and timber operations, and as such, operations at the property fell within the provisions

Contract A20AV00089. Additionally, fire control and prevention operations fall within the provisions of both 638 contracts referenced herein.

4.16   Upon information and belief, the smoldering slash pile was above and below ground level and was a chronic ignition source for nearby grasses and other fuels.

4.17   Upon information and belief, the slash pile at issue was neither inspected nor adequately maintained to ensure full extinguishment or prevent smoldering. As a result, the smoldering slash pile continued at times to emit smoke and embers above ground, making it an extreme safety hazard to nearby property, including that owned by plaintiffs.

4.18   Upon information and belief, before September 7, 2020, the CTFC and BIA were warned multiple times by city of Omak officials and employees, as well as tribal fire department officials and tribal members that the smoldering slash pile posed an extreme risk of wildfires. Multiple requests for fire preventative maintenance were ignored by one or more CTFC or BIA employees.

4.19   Upon information and belief, before September 6, 2020, the Confederated Tribes, CTFC, and BIA were on notice that the National Weather Service predicted potentially significant northeast winds to occur on September 6 and 7, 2020.  The risk of ignition at the slash pile into adjoining dry grass and fuels

was obvious, but no measure of any type was made to prevent the wildfire that occurred.

## V. CAUSES OF ACTION

5.1 Plaintiffs hereby reallege and incorporate each and every allegation as set forth in paragraphs 1.1–4.19 herein.

5.2 As used hereinafter, the term "Defendant" should be understood to include all persons and entities for whom the United States of America is legally liable, including the BIA and its employees, as well as the Confederated Tribes of the Colville Reservation, the CTFC, and their employees acting within the scope of their employment and carrying out 638 contracts.

5.3 Plaintiffs hereby assert each and every cause of action and claim in equity support by the facts alleged in this Complaint. Without limitation, such causes of action and claims in equity include each of the following.

### NEGLIGENCE

5.4 Defendant wrongfully and recklessly failed to maintain the slash pile on the old Omak Mill property, which ignited the fire and allowed the fire to escape to other lands.

5.5 Because the activity was ultra-hazardous, Defendant is strictly liable for any and all damages.

5.6     Subject to discovery in this matter, Defendant may have violated RCW 76.04.405, RCW 76.04.435, RCW 76.04.445, RCW 76.04.455, and RCW 76.04.760 which resulted in damages to Plaintiffs and their properties.

5.7     Defendant wrongfully injured and caused waste and damage to the lands, trees, homes, other structures, fences and other personal property and landscaping improvements of Plaintiffs.

## TRESPASS

5.8     Plaintiffs are owners of real property entitled to exclusive, uninterrupted, and quiet use and enjoyment of their real property.

5.9     Defendant caused injury to trees on Plaintiffs' land in violation of RCW 64.12.030.

5.10    Defendant either intentionally and/or negligently allowed the fires it started to escape and trespass onto Plaintiffs' lands, causing trespass onto the real properties of Plaintiffs and otherwise violating Plaintiffs' right to exclusive, uninterrupted, and quiet use and enjoyment of their real property which trespass proximately caused damage to Plaintiffs and their property.

## NUISANCE

5.11    Defendant violated RCW 7.48.120 and RCW 7.48.150 by unlawfully doing an act, or omitting to perform a duty, which act or omission annoyed, injured

and endangered the comfort, repose, health or safety of others, and which rendered plaintiffs insecure in their use of their property, thereby creating an *actionable nuisance*.

## VI.  DAMAGES

6.1  Plaintiff Townsend Ranch LLC is owned by the five Townsend brothers: Edward, Nathan, William, Daniel, and Malcolm.  A total of 7,555.25 acres of land owned by Townsend Ranch LLC were destroyed in the fire, consisting of 2,247 acres of forest, 1,284 acres of crops, and 4,008 acres of range/grazing land.

6.2  Plaintiff Townsend Brothers LLC is owned by Edward Townsend and Nathan Townsend and lies adjacent to the property owned by Townsend Ranch LLC.  A total of 664 acres were destroyed in the fire, consisting of 509 acres of forest and 135 acres of range/grazing land.

6.3  Plaintiff T-3 Ranch LLC is the operating entity that runs the Ranch and is owned by Edward Townsend, Nathan Townsend, and William Townsend. T-3 Ranch owns the machinery and cows and performs all of the operations.  The losses incurred by T-3 Ranch LLC includes, but is not limited to:

- Loss of machinery, equipment and feed;
- Loss of over 82 miles fencing and gates;

- Loss of structures, including a pumphouse, shed and barn;
- Livestock losses and damages
- Business interruption;
- Fire cleanup and restoration costs;
- Damages to roads;
- Post-fire weed control; and
- Sagebrush restoration.

6.4  All of the Townsend brothers, in addition to the losses described above and the thousands of acres of tree losses, have incurred costs for fire cleanup in their time.

6.5  William Townsend, who was living in a homestead on neighboring property that was completely destroyed by the fire, lost all of his personal belongings.

6.6  The Estate of David Townsend owned an additional 19 acres of separate property used for grazing and incurred fencing damages and fire cleanup costs.

6.7  Malcolm and Kelly Townsend separately own an additional 30 acres of property that was damaged in fire, consisting of 5 acres of forest, and 25 acres of range.  They lost all fencing on this property and a shed.

6.8     As a direct and proximate result of Defendants' violation of RCW 7.48.120 and/or RCW 7.48.150, and tortious conduct, including negligence and strict liability, plaintiffs have incurred damages to their real and personal property and are entitled to compensation for these damages including, but not limited to, loss of trees, damage to homes, fences and other personal property, landscaping improvements, loss of crops, loss of livestock, loss of property value, damage to the natural grasses and plants, other damages to natural soil nutrients, erosion to land, loss of natural habitat for wildlife, inconvenience and substantial costs for labor associated with removal of the burned trees and restoration of foliage, trees and other damaged or destroyed property.

6.9     As a direct and proximate result of Defendant's violation of RCW 7.48.120 and/or RCW 7.48.150, and tortious conduct, including negligence and strict liability, plaintiffs have incurred mental anguish and emotional distress and will continue to incur disruption of their business, substantial out-of-pocket expenses and valuable personal labor in dealing with issues relating to these fires and are entitled to compensation for these expenses and their time.

6.10    Plaintiffs are entitled to full restoration of their properties and all other remedies in accordance with caselaw and RCW 7.48.120 and/or RCW 7.48.150, RCW 76.04.730, RCW 76.04.750 and potentially RCW 76.04.760.

6.11   Plaintiffs are entitled to treble damages for all timber trespass in accordance with RCW 64.12.030.

6.12   Plaintiffs are entitled to prejudgment interest on all out-of-pocket expenses directly and proximately caused by Defendant's negligence and/or strict liability.

6.13   Plaintiffs are entitled to costs and disbursements incurred herein.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray for damages and relief in the amount of approximately Forty-Seven Million, Dollars ($47 Million) in accordance with the tort claim filed on August 23, 2022, as follows:

1. For an award of damages against Defendant, compensating plaintiffs for their real and personal property damages, costs of restoration and all consequential damages, in an amount to be proven at trial;

2. For an award of damages against Defendant, compensating plaintiffs for any past and future related out-of-pocket expenses, in an amount to be proven at trial;

3. For an award of damages against Defendant, compensating plaintiffs for their past and future mental anguish and emotional distress, in an amount to be proven at trial;

COMPLAINT FOR DAMAGES - 17

**E**YMANN **A**LLISON **J**ONES **P.S.**
2208 West Second Avenue
Spokane, WA  99201-5417
509-747-0101 / 509-458-5977 fax

4. For an award of damages against Defendant, compensating plaintiffs for the loss of use and enjoyment of their properties, in an amount to be proven at trial;

5. For an award of damages against Defendant, compensating plaintiffs for nuisance and/or trespass to the extent each is not recoverable under other theories of liability, in an amount to be proven at trial;

6. For an award of attorneys' fees against Defendant for the attorneys' fees incurred by plaintiffs herein, in an amount to be proven at trial;

7. For an award of prejudgment interest on all out-of-pocket expense directly and proximately caused by Defendant's negligence and strict liability, in an amount to be proven at trial;

8. For an award against Defendant, compensating each plaintiff for their litigation-related costs and disbursements incurred herein, in an amount to be proven at trial; and

9. For such other and further relief as the Court deems just and equitable.

DATED this 12th day of June, 2023.

EYMANN ALLISON JONES P.S.

/s/ Richard C. Eymann
RICHARD C. EYMANN, WSBA #7470
*Attorneys for Plaintiffs*